# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CRISTIAN ORLANDO CASTILLO-QUINONES,

    Movant,

v.                                               CASE NO. 8:23-cv-1696-CEH-AAS
                                                    CRIM. CASE NO. 8:19-cr-53-CEH-AAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

    Pending before the Court are Movant's Motion to Vacate, filed under 28 U.S.C. § 2255 (cv Doc. 1), and memorandum in support (cv Doc. 2) in which he, among other things, accuses trial counsel of rendering ineffective assistance in failing to file an appeal of his judgment and sentence in his criminal case. In response, the Government requests the Court grant the motion, vacate the original judgment in the criminal case, and re-impose the identical sentence in a new judgment to allow Movant to file a belated notice of appeal (cv Doc. 6).

    It has been this Court's experience that Movant's claim for relief always requires an evidentiary hearing at which an incarcerated defendant must be brought before the Court at considerable expense and inconvenience to the United States Marshal Service, as well as to the United States Attorney's Office, which must utilize its

1

overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing. Additionally, given the Eleventh Circuit's opinion in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), the fact that Movant executed a written plea agreement containing a provision in which he waived his right to appeal his sentence in the underlying criminal case (*see* cr Doc. 112, pp. 15-16), does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.[1] Finally, the Court is confident that any direct appeal pursued by Movant will result in a dismissal of that appeal under *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in *United States v. Buchanan*, 131 F.3d 1005 (11th Cir. 1997).[2]

Based on the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion to vacate but only to the extent that Movant will be afforded an out-of-time appeal pursued by appointed counsel. In

---

[1] *See also Garza v. Idaho*, 139 S.Ct. 738 (2019) (holding that where attorney failed to file a notice of appeal contrary to defendant's express instructions, "prejudice is presumed"); *Lacey v. United States*, 2019 WL 2152667 (11th Cir. Apr. 5, 2019) (vacating district court's order based on *Garza*).

[2] *See, e.g., United States v. Bellot*, No. 8:08-cr-412-RAL-MAP, docket 148 (order from Eleventh Circuit Court of Appeals dismissing belated appeal granted to defendant in No. 8:10-cv-583-RAL-MAP at docket 2 based on valid appeal waiver contained in plea agreement); *United States v. Valdes*, No. 8:09-cr-319-RAL-EAJ, docket 63 (order from Eleventh Circuit dismissing belated appeal granted to defendant in No. 8:11-cv-1137-RAL-EAJ at docket 2 based on valid appeal waiver contained in plea agreement).

doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court emphasizes this determination to grant Movant a belated appeal in his related criminal case is only made in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was ineffective in his representation of Movant in the prior criminal proceedings.

Accordingly, it is **ORDERED**:

1) The Motion to Vacate (cv Doc. 1) is **GRANTED,** but only to the extent that Movant may file a belated appeal in the related criminal case.

2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3) The **Clerk** is directed to enter judgment in this case for Movant, close the case, enter a copy of this Order in the criminal case, Case No. 8:19-cr-53-CEH-AAS (M.D.Fla.), and terminate the § 2255 motion at docket entry no. 297.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Movant, *pro se*; Counsel of Record